IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RIDGE REALTY PROPERTIES, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CS 520 SOUTH CAROLINE STREET,<br>LLC,<br>    *Defendant*. | Case No. 25-cv-657-ABA |

**MEMORANDUM OPINION**

On February 27, 2025, Plaintiff filed a Complaint against Defendant alleging a breach of contract claim based on a loan contract for $150,000. ECF No. 1. Service was effectuated on Defendant on April 2, 2025 via substituted service made on the State Department of Assessments & Taxation. ECF No. 12. Defendant did not enter an appearance or file a response to the Complaint prior to the April 23, 2025 deadline. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, the Clerk filed an Entry of Default on May 7, 2025 and sent Defendant a Notice of Default granting Defendant thirty days to file a motion to vacate the entry of default. ECF Nos. 14 & 15. Plaintiff then filed a Motion for Default Judgment (the "motion") on June 13, 2025, after Defendant's deadline had lapsed. ECF No. 16.

Initially, Zvi Guttman, the Chapter 7 Trustee for Brandon Chasen, Sr.'s Bankruptcy Case (Case No. 25-15437), had filed a response in opposition to the motion as Mr. Chasen had a 65% interest in the Defendant entity and that Defendant was now under the control of Mr. Guttman. ECF No. 18 ¶¶ 3–4; ECF No. 26 ¶ 2; ECF No. 26-1 at 8–9. Mr. Guttman has since withdrawn his opposition. ECF No. 28. There being no

other opposition on the record, the Motion for Default Judgment is thus unopposed. For the reasons that follow, the motion will be granted.

"When a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b), if a complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant, Fed. R. Civ. P. 55(b)(1)–(2), but in doing so the court, accepting as true the well-pleaded allegations in the complaint, "must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

If default judgment is warranted, the Court must then "make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Parrish*, 733 F. Supp. 3d. at 373–74 (quoting *Int'l Painters*, 919 F. Supp. 2d at 684). In determining the amount of damages, "the court can 'rely [ ] on affidavits or documentary evidence in the record to determine the appropriate sum.'" *Id*. at 374 (quoting *Int'l Painters*, 919 F. Supp. 2d at 684). The movant "bears the burden of establishing entitlement to recovery." *Id*. at 374 (citing *United States v. Nazarian*, Case No. 10-cv-2962, 2012 WL 2045944, at *3 (D. Md. June 5, 2012)).

On September 15, 2020, Plaintiff and Defendant entered into a promissory note whereby Plaintiff loaned Defendant $150,000 to be repaid on or before December 1,

2021. ECF No. 1-1. Plaintiff alleges that Defendant has failed to make any payment under this contract. ECF No. 1 ¶ 13. With the factual allegations accepted as true, Plaintiff has established that Defendant breached the contract.

Pursuant to the Promissory Note, the principal sum of $150,000 is subject to annual, cumulative and non-compounding interest at a rate of 13%. ECF No. 1-1 at 1. The payment was initially due by Defendant on December 1, 2021; therefore, approximately four years have passed since that deadline. Based on the non-compounding annual interest rate, Defendant's liability increased by $19,500 per year for a total of $78,000 for four years. Therefore, the Court will grant Plaintiff's request for default judgment in the amount of $228,000 ($150,000 in principal and $78,000 in prejudgment interest).

Date:  December 19, 2025

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Adam B. Abelson
　　　　　　　　　　　　　　　　United States District Judge